## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| TRAVIS ANTWAN SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-161 |
| | ) | |
| JERRY SANDERS, MATTHEW | ) | |
| RUSSELL, ANDREW SLUGG, | ) | |
| AND ALEXANDER ORTIZ, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Travis Antwan
Sanders brings this Complaint alleging false arrest, unreasonable search
and seizure, and excessive force. *See* doc. 1. The Court granted plaintiff's
request to pursue this case *in forma pauperis* (IFP), doc. 2, and he has
provided all requested documentation, docs. 5–8. The Court now screens
the Complaint pursuant to 28 U.S.C. §1915A. Plaintiff has also filed a
motion seeking the appointment of counsel. Doc. 3. For the following
reasons, plaintiff's motion for the appointment of counsel is **DENIED.**
Furthermore. the Court **RECOMMENDS** that his false arrest and

unreasonable search and seizure claims be **DISMISSED**.  Plaintiff is **DIRECTED** to amend his remaining claims, as discussed below.

## I.      Motion for the Appointment of Counsel

Plaintiff asserts that the appointment of counsel is appropriate because he is indigent and inhibited in his ability to litigate his case due to his incarceration and COVID-19 restrictions.  Doc. 3.  He, however, has no constitutional right to counsel in this civil case.  *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)).  "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances."  *Id*.   (citing *Bass*, 170 F.3d at 1320).  Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).  A review of the record and pleadings in this case reveals no such "exceptional circumstances" warranting the appointment of counsel.  This case is not so complex, legally or factually, as to prevent plaintiff from presenting "the essential merits of his position" to the Court.  His request for appointment of counsel is **DENIED**.  Doc. 3.

## II.   28 U.S.C. §1915A Screening

On August 10, 2018, plaintiff was stopped by defendants Russell and Ortiz while walking near the intersection of Paulsen Street and East Gwinnett Street in Savannah, Georgia.  Doc. 1 at 5.  The officers asked plaintiff why he was walking in the street; to which he responded that he was just crossing.  *Id*.  Plaintiff identified himself to the officers as "Robert Russell."  *Id*.  The officers determined this name to be an alias and that plaintiff was the subject of an active warrant for a probation violation.  *Id*.

Plaintiff was searched, a cell phone and checks were taken from his person, and he was placed under arrest.  *Id*.

Though plaintiff insisted that he be taken to the Chatham County Detention Center, Ortiz and Russell transported him to the Eastside Precinct for questioning.  *Id*. at 5–6.  At the precinct, plaintiff was restrained to a chair and left to wait for at least two hours before being questioned by defendants Slugg and Sanders.  *Id*. at 6.  Plaintiff declined to answer questions, requested to have an attorney present, and made multiple requests to use the restroom.  *Id*.  Allegedly under duress, he signed the Savannah Police Department's Constitutional Rights form and denied reports related to certain events of August 6–8, 2018.[1]  *Id*.  The officers refused to return plaintiff's cell phone and checks, claiming that they were evidence.  *Id*.

Following the interview, defendants Sanders, Slugg, and several other officers used an unspecified type of force against plaintiff, possibly because plaintiff took paperwork from a table.  *Id*.  This resulted in

---

[1] It is not clear from the Complaint what was alleged to have occurred in these reports.

plaintiff suffering "superficial injuries" and being transported to the hospital. *Id*.

While plaintiff was being treated at the hospital, defendant Sanders obtained warrants against him alleging aggravated assault, stalking, hindering a 911 call, and cruelty to children. *Id*.  Plaintiff alleges that the warrants were invalid as they were not signed by the Recorder's Court judge or filed with the Clerk of the Superior Court or Recorder's Court. *Id*. at 7.  He was detained at the Chatham County Detention Center until the grand jury declined to indict.[2] *Id*. at 6–7.  Plaintiff now alleges that he suffered false arrest and imprisonment, and was subjected to unreasonable search and seizure and excessive force.

## A. Standard of Review

Under the Prison Litigation Reform Act (PLRA), a federal court is required to conduct an initial screening of all prisoner complaints.  28 U.S.C. § 1915A(b).  In conducting the review, the Court must identify all "cognizable claims" and dismiss the complaint, or any portion thereof, that is "(1) is frivolous, malicious, or fails to state a claim upon which relief

---

[2] It is unclear from the record if plaintiff was detained based on the existing warrant for a probation violation or solely on new charges related to his arrest.

may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. The complaints of unrepresented parties are held to a less stringent standard than those drafted by an attorney and are afforded a liberal construction, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers (internal quotations omitted)); however, they must still comply with procedural requirements, *McNeil v. United States*, 508 U.S. 106, 113 (1993).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (internal quotation marks and citations omitted). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff . . . must plead facts sufficient to show that [his] claim has substantive plausibility" and to inform the defendant of "the factual basis" for the complaint. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In its review, the Court also applies the Federal Rule of Civil Procedure 12(b)(6), *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001), accepting all allegations as true and construing them in the light most favorable to the plaintiff.  *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).

### B. False Arrest and Unlawful Detention

Plaintiff alleges that he was falsely arrested by defendants Russell and Ortiz while walking down the street and unlawfully detained thereafter.  A claim for false arrest derives from the constitutional right to be free of "unreasonable searches and seizures."  U.S. CONST. AMEND. IV.  "A warrantless arrest made without probable cause violates the Fourth Amendment and forms a basis for a § 1983 claim."  *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) (citing *Max v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990)); *Von Stein v. Bresher*, 904 F.2d. 572, 578 (11th Cir. 1990).

Plaintiff claims that his initial arrest was not based on probable cause because he was never provided with a copy of the warrants for his arrest and the grand jury ultimately determined not to indict.  Doc. 1 at 6–7.  He, however, concedes that his initial arrest was based on a probation

warrant, not the warrants that he alleges to be invalid. *Id.* at 5. The existence of a probation warrant establishes probable cause and due process which are a bar to § 1983 claims based on false arrest. *Ortega*, 85 F.3d at 1525–26. As "[a] cause of action for false or unlawful arrest cannot be pursued . . . when a person is arrested based on a warrant," plaintiff's claim must fail. *Norton v. Stidham*, 2009 WL 5214484 at * 4 (W.D. Va. Dec. 29, 2009); *see Churchill v. Whitaker*, 2005 WL 3534208 at *2 (N.D. Tex. Dec. 9, 2005) (same).

Though not expressly pleaded, plaintiff's allegations that the arrest warrants obtained by defendant Sanders were invalid suggests a malicious prosecution claim. Malicious prosecution is a violation of the Fourth Amendment and can also be cognizable as a § 1983 claim. *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). "The constituent elements of the common law tort of malicious prosecution included: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Wood*, 323 F.3d at 881–82. Plaintiff has not adequately pleaded multiple elements of this claim, including the requisite malicious intent of

defendants and the existence of an injury.  In fact, as plaintiff was apparently properly detained pursuant to a valid probation warrant, the Court is unsure what injury he might be able to allege.[3]

Regardless, *pro se* litigants are typically afforded at least one opportunity to amend their pleadings.  *Jenkins v. Walker*, 620 F. App'x 709, 711, (11th Cir. 2015) (*citing Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*)) ("When a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2)(courts should grant leave to amend "freely . . . when justice so requires").  As plaintiff might salvage this claim, he shall have thirty days from the date of this

---

[3] In order to demonstrate that his detention was a sufficient injury, plaintiff must allege that he would not have been detained but for the challenged warrants.  If his arrest on the probation warrant led to his current incarceration, any demonstration that plaintiff suffered injury from his detention would likely be barred.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (holding that where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then a § 1983 claim must be dismissed unless the plaintiff can show his conviction has already been invalidated.).

Order and Report and Recommendation to file an amended complaint more thoroughly presenting his malicious prosecution claim.

## C. Unreasonable Search and Seizure

Plaintiff alleges that his Fourth Amendment right to be protected against unreasonable search and seizure was violated, independent of the false arrest or malicious prosecution discussed above, when defendants Russell and Ortiz stopped him on the street, searched his body, and confiscated his cell phone and checks.  By plaintiff's account, defendants exited their vehicle, approached him, and asked what he was doing and his name.  Doc. 1 at 5.  When he provided a false name, the officers determined that he had a probation warrant issued for his arrest.  *Id*.

Law enforcement officers do not violate, or even implicate, the Fourth Amendment by merely approaching an individual in a public area and asking questions, even when they lack suspicion or probable cause to do so.  *See Muhler v. Mena*, 544 U.S. 93, 101 (2005) ("We have 'held repeatedly that mere police questioning does not constitute a seizure,' and '[e]ven when officers have no basis for suspecting a particular individual, they may generally ask question of that individual; ask to examine the individual's identification; and request consent to search his or her'

belongings." (*quoting Florida v. Bostick*, 501 U.S. 429, 434, 434-35 (1991));
*United States v. Drayton*, 536 U.S. 194, 200–201 (2002) ("Law enforcement
officers do not violate the Fourth Amendment's prohibition of
unreasonable seizures merely by approaching individuals on the street or
in other public places and putting questions to them if they are willing to
listen."). As such, defendants' stopping and questioning plaintiff was not
an unreasonable seizure.

During the arrest, defendants Russell and Ortiz searched plaintiff's
person and confiscated a cell phone and checks. Doc. 1 at 5. When plaintiff
requested that they be returned, the defendants refused, claiming that
they were evidence. *Id*. at 6. "The Fourth Amendment protects
individuals from unreasonable search and seizure." *United States v.
Chanthasouxat*, 342 F.3d 1271, 1275 (11th Cir. 2003) (internal quotation
omitted). However, "[t]he Fourth Amendment's prohibition of
warrantless searches, [] is not absolute." *United States v. Holloway*, 290
F.3d 1331, 1334 (11th Cir. 2002). Among the recognized exceptions to the
warrant requirement is the ability of an officer to search a person and the
surrounding area incident to a lawful arrest. *See Davis v. United States*,
564 U.S. 229, 232 (2011) ("[A] police officer who makes a lawful arrest may

conduct a warrantless search of the arrestee's person and the area within his immediate control." (internal quotation and citation omitted)). Plaintiff has not challenged the validity of the probation warrant under which he was arrested. Therefore, the search and seizure did not violate the Fourth Amendment. Plaintiff's unreasonable search and seizure claims deriving from his stop and the seizure of his cell phone and checks should be dismissed.

### D. Excessive Force

Plaintiff alleges that after his interview, he was subjected to some type of force by defendants Sanders and Slugg and other unidentified officers. Doc. 1 at 6. The use of force resulted in only superficial injuries, but plaintiff was taken to the hospital. *Id*. To allege that an officer exercised excessive force during an arrest, plaintiff must assert that the officer's conduct was objectively unreasonable. *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). Plaintiff need not establish that the officer had a malicious motivation; only that a reasonable officer would not have taken the same actions in the situation. *Id*. at 397. Plaintiff never expressly asserts that the force was excessive and provides virtually no details on the circumstances of its use. The complaint is silent with regard to the

reason for the use of force, the type of force, and the amount of force.  As a more carefully and detailed complaint might salvage this claim, plaintiff may file an amended complaint within 30 thirty days of this Order and Report and Recommendation.

### III.  Conclusion

In summary, plaintiff's motion for the appointment of counsel is **DENIED**.  Doc. 3.  Plaintiff is **DIRECTED** to file an amended complaint within thirty days of this Order and Report and Recommendation putting forth in sufficient detail his allegations of malicious prosecution and excessive force.  Failure to timely file an amendment will result in a recommendation of dismissal.  The Court **RECOMMENDS** that plaintiff's claims of false arrest and unreasonable search and seizure be **DISMISSED** for failure to state a claim on which relief can be granted.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time

to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 22nd day of February, 2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA